THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PANLO WASTE CORP., Appellant.— Judgment by a City Magistrate, sitting as a Court of Special Sessions of the City of New York [Municipal Term], Borough of Brooklyn, convicting defendant of the offense of failing to tag articles of bedding, in violation of section 385, subdivision 1, of the General Business Law, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

DORCAE EDNA QUINN and MATTIE QUINN, Appellants, v. SARA MILDRED STRAUSS, Defendant, and EVELYN HUBBELL, Respondent.— Action to recover damages for personal injuries and loss of services and expenses sustained by the negligent failure of defendants to keep the floor of a dance studio in a reasonably safe condition. Defendant-respondent Hubbell was in the business of letting dance studios by the hour in a building. While a studio was so let by respondent to defendant Strauss, plaintiff, a member of a group under the latter's direction, sustained, while dancing, injuries which were caused by a defect in the floor boards. Order setting aside the verdict of the jury as against defendant Hubbell and dismissing the complaint as to her reversed on the law, with costs, motion denied, and verdict as to defendant Hubbell reinstated. Judgment modified by striking therefrom the last paragraph thereof and by providing that plaintiffs have judgment against both defendants. As so modified, the judgment is unanimously affirmed, without costs. A question of fact, at least, was presented to the jury as to whether or not defendant Hubbell had parted with possession and control of the premises to the " lessee " in so far as maintenance and repair thereof were concerned. The letting here of the dance studios, for no more than part of a day, did not involve such element of permanency, exclusiveness and completeness, or at least the jury could so find, as would relieve the lessor of liability. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.