Matthias, J.
 

 The facts in evidence present but a single question of law: Is the owner of premises rented to another, to whom complete and entire possession has been surrendered, liable for personal injuries resulting to an employee of the lessee from the defective condition of the premises, though the owner had promised the lessee to make repairs ?
 

 That precise question was before this court in the case of
 
 Burdick
 
 v.
 
 Cheadle,
 
 26 Ohio St., 393, 20 Am. Rep., 767, and was answered in the negative. It was there held that the landlord was not liable in such action. The principle there announced has been adhered to and consistently approved in numerous cases, notably
 
 Shindelbeck
 
 v.
 
 Moon,
 
 32 Ohio St., 264, 30 Am. Rep., 584;
 
 Stackhouse
 
 v.
 
 Close,
 
 83 Ohio St., 339, 94 N. E., 746; and
 
 Marqua
 
 v.
 
 Martin,
 
 109 Ohio St., 56, 141 N. E., 654.
 

 The test to be applied in every case involving the liability of an owner for injuries arising from the defective condition of premises under lease to another is the question whether the landlord was in possession or control of the premises, or the part thereof the disrepair of which occasioned the injury.
 

 "Where portions of a building are rented to several tenants who have the .use of halls, stairways, etc., in
 
 *613
 
 common, the landlord is held to be in control of such passageways and liable for injury resulting from his want of due care in maintaining same in a reasonably safe condition. That liability is based upon the owner’s continued control of such portion of his premises. There is no liability for tort without possession or control, and such possession or control cannot be predicated solely upon a promise to repair.
 

 This principle is fully discussed, with citation of authorities supporting it, in the case of
 
 Davies, a Minor,
 
 v.
 
 Kelley,
 
 112 Ohio St., 122, 146 N. E., 888. The decision of the case of
 
 Rice
 
 v.
 
 Zeigler, ante,
 
 239, 190 N. E., 560, was based upon an application of that principle to the facts there presented, which involved a common passageway.
 

 Neither the instant case nor the case with which the decision before us was found to be in conflict presented any such situation. The facts in neither case involved a common passageway, or any portion of the premises of which control was retained by the owner and for the condition of which he was responsible. On the contrary, here the plaintiff was an invitee of the tenant, in the tenant’s kitchen at the time of the injury. The application of the test — possession or control of the premises — relieves the owner of liability to plaintiff in this case. Apparently some misapprehension led to the decision of this case by the Court of Appeals upon authority of
 
 Rice
 
 v.
 
 Zeigler, supra.
 
 The particular portion of the premises referred to in the second proposition of the syllabus in that case, just as in the first proposition, was a stairway used in common by different occupants of a tenement house.
 

 The rule that liability in tort is an incident to occupation or control, and that a covenant to repair does not impose upon the lessor a liability in tort at the suit of a lessee or of others on the premises in the' right of the lessee, has been generally adopted and applied, though there are some announcements to the contrary.
 

 
 *614
 
 The majority view is presented with cogent reasoning and ample citation of authority by Cardozo, C. J., in a comparatively recent decision in
 
 Cullings
 
 v.
 
 Goetz,
 
 256 N. Y., 287, 176 N. E., 397.
 

 It follows that the. judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Bevis, Zimmerman and Wilkin, JJ., concur.