Taft, J.
 

 The first question to be determined is whether the defendant had either occupation or control of the second-floor porch at the time of plaintiff’s fall. This is because liability in tort is an incident to occupation or control.
 
 Berkowitz
 
 v.
 
 Winston,
 
 128 Ohio St., 611, 193 N. E., 343;
 
 Ripple
 
 v.
 
 Mahoning National Bank,
 
 143 Ohio St., 614, 56 N. E. (2d), 289.
 

 In order to establish that defendant retained control of such portion of the premises, plaintiff relies upon the following testimony as to what was said by her and the landlord at the time she rented the second and third floors of the building. The only testimony on this subject was hers and it was as follows:
 

 “Q. What was said by you to him or by him to you? A. I told him I would like to rent the building
 
 *318
 
 but it was quite well run down on the inside. He told me he could not do anything to the inside of the building, he would rent me the building provided I would do redecorating, or take care of the inside of the building, and
 
 he would be responsible for the outside.
 

 11* * *
 
 * * *
 

 “Q. All right, now slowly. • Repeat your answer. A. I told him I wanted to rent the building. He told me I would have to be responsible for redecorating or repairing on the inside, and
 
 he toould be responsible for any decorating or repairing of the building outside,
 
 as long as I rented it.” (Italics ours.)
 

 This testimony discloses at most an agreement to be “responsible for * * * repairing * * * the building outside.” By no stretch of the imagination could such testimony be construed as indicating more than an agreement to make repairs.
 

 This court has held that neither occupation nor control is established merely by proof of an agreement to make repairs.
 
 Berkowitz
 
 v.
 
 Winston, supra.
 

 Plaintiff relies also upon the fact that defendant repaired the damaged railing a short time after the accident. Similar evidence has been held by this court to be insufficient to justify a finding of occupation or control
 
 (Goodall
 
 v.
 
 Deters,
 
 121 Ohio St., 432, 169 N. E., 443), even where coupled with an agreement to make-repairs. See
 
 Berkowitz v. Winston, supra.
 

 Plaintiff points out also that the upright posts supporting the porch were rooted in the ground below which was under the control of the landlord. Even if the landlord was in possession and control of these-supports, it does not follow that he was either in occupation or control of the second-floor porch. The instant case does not involve any defects in the supports.
 

 Since the two top floors were rented to plaintiff,, the porch involved was attached to the second floor,
 
 *319
 
 and the stairs leading to that porch could not be used as a means of ingress to or egress from any portion of the premises not rented to the plaintiff, there could be no presumption that the landlord retained control of the second-floor porch. Such a presumption does arise where the landlord rents premises to more than one tenant and a portion of the premises is to be used in common by such tenants. If nothing more is shown as to who is to have control over that portion of the premises, there is a presumption that the landlord retained such control.
 
 Rice
 
 v.
 
 Ziegler,
 
 128 Ohio St., 239, 190 N. E., 560.
 

 From the evidence in this case, it is clear that there was no occupation of this porch by the landlord after rental of the second and third floors to the plaintiff. The plaintiff’s testimony clearly showed that, from the time of the rental until after the accident, the landlord never appeared on the premises and never, either himself or through others, took any steps to occupy or take possession of. the porch. The question still remains whether the landlord had control of the porch. The control necessary as the basis for liability in tort implies the power and the right to admit people to the porch and to exclude people from it. Having rented the premises to the plaintiff, the landlord gave up this power and this right. This power and right thereafter belonged to plaintiff as the tenant and not to the landlord. The landlord’s agreement to repair did not reserve to him this power and. right to admit and exclude people from the porch.
 
 Cavalier
 
 v.
 
 Pope
 
 (1906), L. R. App. Cas., 428, at 433 (H. L.);
 
 Cullings
 
 v.
 
 Goetz,
 
 256 N. Y., 287, at 290, 176 N. E., 397. If the landlord had authorized his first-floor tenants to use the ■second-floor porch, plaintiff would have had a clear power and right to exclude those tenants from the «econd-floor porch.
 

 
 *320
 
 None of the decisions of this court, holding the landlord not liable in tort even where there was an agreement to repair, involved an action brought by a tenant. See
 
 Ripple
 
 v.
 
 Mahoning National Bank, supra, Berkowitz v
 
 .
 
 Winston, supra,
 
 and
 
 Sinton
 
 v.
 
 Butler,
 
 40 Ohio St., 158.
 

 However, liability of the landlord to the tenant in such a situation is suggested by language used in other decisions of this court.
 
 Burdick
 
 v.
 
 Cheadle,
 
 26 Ohio St., 393, 397, 398, 20 Am. Rep., 767;
 
 Shindelbeck
 
 v.
 
 Moon,
 
 32 Ohio St., 264, paragraph two of the syllabus, 30 Am. Rep., 584;
 
 Shinkle, Wilson & Kreis Co.
 
 v.
 
 Birney & Seymour,
 
 68 Ohio St., 328, syllabus;
 
 Stackhouse
 
 v.
 
 Close,
 
 83 Ohio St., 339, syllabus, 94 N. E., 746; Mar
 
 qua
 
 v.
 
 Martin,
 
 109 Ohio St., 56, paragraph one of the syllabus, 141 N. E., 654;
 
 Goodall v. Deters,
 
 121 Ohio St., 432, syllabus, 169 N. E., 443;
 
 Ripple
 
 v.
 
 Mahoning National Bank, supra,
 
 617.
 

 It appears, therefore, that the liability of a landlord to a tenant for personal injuries to the tenant arising from the condition of the leased premises, where there was an agreement to make repairs or to keep the premises in repair, is a question which has not been specifically decided by this court.
 

 The cases dealing with this problem are collected and discussed in annotations in 8 A. L. R., 765, 68 A. L. R., 1194, and 163 A. L. R., 300.
 

 Where efforts have been made to hold the landlord liable for personal injuries to a tenant when there was a covenant to repair or other similar agreement of the landlord, two questions have arisen:
 

 1. Whether personal injuries could be said to be within the contemplation of the parties so that damages therefor would be recoverable in an action for breach of tlje agreement to repair.
 

 2. Whether nonfeasance of the landlord with re
 
 *321
 
 gard to his agreement to repair can be the basis for tort liability.
 

 While the question has apparently not previously been passed upon by this court, the great weight of authority denies recovery against the landlord of damages for personal injuries in an action for breach of his contract to make repairs. 163 A. L. R., 300, 329, annotation. The reason for such denial is that personal injuries are not a natural and probable consequence which ordinarily and reasonably could be anticipated from a breach of an agreement to make repairs.
 

 As to tort liability for nonperformance of a contractual duty, the problem is more serious.
 

 In the instant case, there is, and on the evidence there can be, no claim that defendant was negligent in making repairs. The record discloses that he did nothing about making repairs. If he had not made any agreement with respect to repairs, the decisions of this court indicate that his failure to make them could not be actionable negligence.
 
 Shindelbeck
 
 v.
 
 Moon, supra; Shinkle, Wilson & Kreis Co.
 
 v.
 
 Birney & Seymour, supra; Goodall
 
 v.
 
 Deters, supra.
 
 This necessarily follows because a failure to act cannot be actionable negligence if there is no legal duty to act.
 
 Railroad Co.
 
 v.
 
 Harvey,
 
 77 Ohio St., 235, 83 N. E., 66, 122 Am. St. Rep., 503, 19 L. R. A. (N. S.), 1136. Can defendant’s contractual agreement supply the duty to act which would justify holding him liable in tort for failing to act?
 

 A diligent search has not uncovered any decisions of this court which answer that question. The statements bearing upon this question, in paragraph three of the syllabus in
 
 Hannan, Admr.,
 
 v.
 
 Ehrlich,
 
 102 Ohio St., 176, 131 N. E., 504, and on page 369 of the opinion in
 
 Pittsburgh, Fort Wayne & Chicago Ry. Co.
 
 v.
 
 Bingham, Admx.,
 
 29 Ohio St., 364, 23 Am. Rep., 751, are not
 
 *322
 
 applicable. The case of
 
 Hilleary
 
 v.
 
 Bromley,
 
 146 Ohio St., 212, 64 N. E. (2d), 832, did involve a failure to exercise ordinary care in making a ladder safe before turning it over to someone else to use. However, there was in that case the action of the defendant in supplying the ladder. In the instant case, defendant did nothing about repairs. There was not a failure to do-something when he acted. There was merely a failure to act at all.
 

 In
 
 Tuttle
 
 v.
 
 George H. Gilbert Mfg. Co.,
 
 145 Mass., 169, at page 175, 13 N. E., 465, the court said:
 

 “The action of tort has for its foundation the negligence of the defendant, and this means more than a mere breach of a promise. Otherwise, the failure to meet a note, or any other promise to pay money, would sustain an action in tort for negligence, and thus the promisor be made liable for all the consequential damages arising from such failure.
 

 “As a general rule, there must be some active negligence or misfeasance to support .tort. There must be some breach of duty distinct from breach of contract. In the case at bar, the utmost shown against the defendant is that there was unreasonable delay on its part in performing an executory contract. As we have seen, it is not liable by reason of the relation of lessor and lessee, but its liability, if any, must rest solely upon a breach of . this contract.
 

 “We do not see how the cases would differ in principle if an action were brought against a third person who had contracted to repair the stable floor and had unreasonably delayed in performing his contract. We are not aware of any authority for maintaining such an action.”
 

 Decisions in other jurisdictions must be analyzed with some care because of the fact that they have frequently been rendered by courts which have held con
 
 *323
 
 trary to the holdings of this court, in cases similar to
 
 Berkowitz
 
 v.
 
 Winston, supra; Ripple
 
 v.
 
 Mahoning National Bank, supra;
 
 and
 
 Sinton
 
 v.
 
 Butler, supra.
 
 See cases cited in annotations in 8 A. L. R., 765, 68 A. L. R., 1194, and 163 A. L. R., 300.
 

 In some jurisdictions, the courts regard occupation or control of the premises by the landlord as an essential condition precedent to fastening any liability upon him for personal injuries to the tenant.
 

 As hereinbefore pointed out, this court has so held in actions brought by plaintiffs who were not tenants and has so stated with reference to actions which might be brought by tenants.
 
 Berkowitz
 
 v.
 
 Winston, supra,
 
 613.
 

 We believe that the basis for such a conclusion was pointed out very clearly by Cordozo, C. J., in the court’s opinion in
 
 Cullings
 
 v.
 
 Goetz, supra,
 
 at page 291, when he said with reference to an agreement to repair: “What resulted was not a reservation by an owner of one of the privileges of ownership. . It was the assumption of a burden for the benefit of the occupant with consequences the same as if there had been a promise to repair by a plumber or a carpenter. ’ ’
 

 In other words, where there is a lease of premises, the lessor ordinarily parts with the right to possession and control of the premises, including the power and right to use the premises and to admit people to the .premises and exclude them from the premises. Such rights are attributes of ownership. They áre the very attributes of ownership which form the basis of the duty to use ordinary care as to the condition of the premises. As said by Mcllvaine, J., on page 396 of the court’s opinion in
 
 Burdick
 
 v.
 
 Cheadle, supra,
 
 this duty “is one which the law imposes upon the owners of property, and is expressed in the maxim,
 
 ‘sic utere tuo ut alienum non laedas’’
 
 ” and “this principle ordinarily applies only to persons in possession, and
 
 *324
 
 having control of the property, either as owners or tenants.” The lessee receives those essential attributes of ownership. See
 
 Ripple
 
 v.
 
 Mahoning National Bank, supra,
 
 619. Thereafter, where the lessor has agreed to make repairs, his liability for failure to do so is merely a contractual liability similar to the contractual liability of any other party who has agreed to make like repairs.
 

 We are of the opinion, therefore, that reason supports the conclusion that the tort liability of the landlord to the tenant for failure to make repairs cannot be rested solely on the failure of the landlord to make repairs even if he agreed to make them.
 

 The judgment of the Court of Appeals is reversed and the judgment of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman, Stewart and Turner, JJ., concur.