YAEGER, PLAINTIFF-APPELLANT, v. PARKGATE REALTY CO., DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25641.   Decided January 18, 1962.

*Messrs. Riegler, Potts, Spohn & Peckinpaugh,* for plaintiff-appellant.
*Messrs. Arter, Hadden, Wykoff & Van Duzer,* for defendant-appellee.

(RADCLIFF, P. J., COLLIER and BROWN, JJ., of the Fourth District, sitting by designation in the Eighth District.)

COLLIER, J.   This action was brought in the Municipal Court of East Cleveland by the plaintiff-appellant, Alfred J. Yaeger,

herein referred to as the plaintiff, against defendant-appellant, Parkgate Realty Company, herein designated the defendant, to recover damages for personal injuries alleged to have been sustained by the plaintiff on May 4, 1960, when he fell in a defective doorway of an apartment owned by the defendant and occupied by the plaintiff as a tenant or renter.

The case came on for trial on April 21, 1961, before the court and jury, and after plaintiff's opening statement, the court sustained defendant's motion for judgment in its favor on the ground that the amended petition and opening statement on behalf of the plaintiff failed to state facts sufficient to constitute a cause of action against the defendant.

The facts as alleged and stated may be summarized as follows: In the spring of 1958, plaintiff and his wife rented suite No. 4 of a certain multiple apartment building in the city of East Cleveland from the defendant on a month-to-month basis; that, at that time, plaintiff observed that the boards constituting the bottom door sill of both the living room door and kitchen door were missing, leaving a hole four inches wide, directly under the kitchen door; that both these doors led from the apartment into a common hallway, that both doors were out of alignment; that as a condition of the renting of said apartment, the defendant represented that the doors and sills were the responsibility of the defendant and that the defendant would repair, maintain and service the doors and sills; that the plaintiff believed and relied on these promises of the defendant and moved into the apartment; that because the kitchen door was out of line and difficult to keep locked, plaintiff barricaded it by means of a clothes hamper; that the kitchen door was not used by plaintiff or anyone else until May 4, 1960, when the accident complained of occurred; that two or three weeks after plaintiff moved into the apartment, in the absence of plaintiff and his wife, the defendant replaced the living room door sill and aligned and repaired that door; that plaintiff believed and trusted that the missing door sill under the kitchen door had been replaced but did not investigate this repair.

On May 4, 1960, plaintiff hired a handyman to clean up the plaster that had fallen from the ceiling of his bedroom in said apartment; that, in performing this task, the handyman re-

moved the clothes hamper and opened the kitchen door, but did not advise the plaintiff that the door sill was still missing; that later, on said date, plaintiff stepped through the kitchen door, looking straight ahead without observing the hole created by the missing door sill and tripped in said hole and fell and was injured.

The one assignment of error is that the judgment is contrary to law. The single question to be determined in this appeal is: Do the facts, as above stated, construed most favorably for the plaintiff, present an issuable fact of fact for determination by the jury?

The plaintiff advances the following theories as a basis for recovery of damages: that by the terms of the rental agreement, defendant had the duty to repair the kitchen door sill and keep it in safe condition; that the hole created by the missing door sill was contiguous to and merged into the common hallway, over which the defendant had control; that the defendant, having commenced repairs as promised, had the duty to complete the repairs in a reasonable workmanlike manner; that the defendant, having promised to make the repairs, and having replaced the missing sill under the living room door, and the plaintiff having relied upon such promise, the defendant is now estopped to deny its duty and responsibility to repair and maintain the kitchen door in a reasonably safe condition.

The defendant contends that in the absence of a statement in the amended petition or opening statement that the defendant was in possession or control of the premises, the defendant is not liable to the plaintiff for damages resulting from defects in the premises. The defendant, also, further claims that upon the facts as alleged and stated, the plaintiff is guilty of contributory negligence as a matter of law.

The plaintiff apparently recognizes the well-established principle that a lessor out of possession and control is not liable to the tenant for the condition of the premises and for damages resulting therefrom, that the tenant takes the premises in whatever condition they are in and assumes all risk of personal injury from any defects that may exist. See, 33 Ohio Jurisprudence (2d), Landlord and Tenant, Pg. 446, Sec. 191.

The plaintiff, however, claims that the door connects the

kitchen of the apartment with the common hallway and that the hole under the door, caused by the missing sill, was contiguous to and merged with the hallway over which the defendant has possession and control. Of course, the purpose of the door was for entrance and exit to and from the kitchen and the hallway, but this does not constitute the threshold as a part of the common hallway. The undisputed fact is that the plaintiff had exclusive control of the door and kept it barricaded and closed until his employee opened it on the day of the accident.

Neither do we find any merit in plaintiff's contention that defendant's failure to carry out its promise to make repairs by replacing the missing door sill created any liability in tort or contract against the defendant. It was held in the case of Cooper v. Roose, 151 Ohio St., 316, 85 N. E. (2d), 545:

"3. Tort liability of the landlord to the lessee-tenant for failure to make repairs cannot be predicated solely on such failure, even if the landlord agreed to make the repairs.

"4. In an action for breach of a landlord's contract to make repairs a lessee-tenant cannot recover damages for personal injuries."

The plaintiff's claim of liability under the principle of estoppel, in our opinion, has no application to the facts as alleged and stated, especially in view of many pronouncements of the Supreme Court of Ohio fixing the rule of liability in similar factual situations. It has been definitely established in Ohio that an owner of real estate who has surrendered possession thereof to a lessee is not liable to such lessee, his employees or invitees, for personal injuries resulting from a defective condition of the premises even though he had promised the lessee to make repairs. The test to be applied in every case of this kind is whether the landlord was in possession or control of the premises, or the part thereof, the disrepair of which occasioned the injury. *Beburdick* v. *Cheadle*, 26 Ohio St., 393; *Shindelbeck* v. *Moon*, 32 Ohio St., 264; *Stackhouse* v. *Close*, 83 Ohio St., 339, 94 N. E., 746; *Marqua* v. *Martin*, 109 Ohio St., 56, 141 N. E., 654; *Berkowitz* v. *Winston*, 128 Ohio St., 611, 193 N. E., 343; *Ripple* v. *Mahoning National Bank*, 143 Ohio St., 614, 56 N. E. (2d), 289; *Brown* v. *Cleveland Baseball Company*, 158 Ohio St., 1, 106 N. E. (2d), 632; and *Pitts* v. *Housing Authority*, 160 Ohio St., 129, 113 N. E. (2d), 869.

On these authorities we are compelled to conclude that the trial court ruled correctly on defendant's motion for judgment in its favor upon the pleadings and the opening statement to the jury on behalf of the plaintiff. Having arrived at this conclusion, we find it unnecessary to comment upon defendant's claim of contributory negligence, except to say that, in our opinion, the trial court would have been justified in basing his ruling on defendant's motion upon that ground. The judgment must be affirmed.

Judgment affirmed.

RADCLIFF, P. J., and BROWN, J., concur.