Zimmerman, acting C. J.
Were the board’s determinations unreasonable or unlawful?
*58 Section 5709.08, Revised Code, enacted pursuant to the authorization contained in Section 2, Article XII of the Constitution of Ohio, recites in part:
* * public property used exclusively for a public purpose, shall be exempt from taxation.”
Such section was interpreted in the case of Board of Park Commissioners of City of Troy v. Board of Tax Appeals, 160 Ohio St., 451, 453, 116 N. E. (2d), 725, 727, in the following language:
“In order to obtain exemption from taxation, under Section 5351, General Code [Section 5709.08, Revised Code], there are three prerequisites: (1) The property must be public property, (2) the use thereof must be for a public purpose, and (3) the property must be used exclusively for a public purpose.”
The word, “exclusively,” is significant and may not be ignored in a situation where exemption from taxation is claimed.
A generally recognized principle is that one who is in the possession and control of property and is occupying, managing and operating the same as lessee is often to be treated as the owner thereof. Baltimore & Ohio Bd. Co. v. Walker, 45 Ohio St., 577, 16 N. E., 475; Iroquois Co. v. Meyer, 80 Ohio St., 676, 89 N. E., 90; Cooper v. Roose, 151 Ohio St., 316, 85 N. E. (2d), 545; and 73 Corpus Juris Secundum, 184, Property, Section 13. Or, as stated more specifically in relation to the instant cases, “where a public body owns real property and leases it to a private corporation at a fixed rental and other emoluments, the elements of ownership are partly vested in the lessor and partly in the lessee. That part of the ownership vested in the private corporation by its lease thereafter ceases to be public property. The use which the lessee in this case makes of such property * * * is not a use by the applicant [lessor] but by the private corporation.” Board of Park Commissioners of City of Troy v. Board of Tax Appeals, supra, near the close of the opinion.
So, in the cases at bar, the hangars were constructed by the lessees at their expense, under long-term leases from the city, are under their management and control, and are largely, if not exclusively, devoted to the private purposes of the lessees in connection with their businesses.
The situation differs from that which obtained in the case of City of Toledo v. Jenkins et al., Board of Tax Appeals, 143 *59 Ohio St., 141, 54 N. E. (2d), 656. There, the Toledo Municipal Airport was wholly owned and operated by the city, resulting in a public use, and it was held that the realty necessary and incidental to the conduct of the airport as a public enterprise, even though revenue was derived from some of it, did not lose its identity as an integral part of the airport operation and was exempt from taxation. Compare Carney, Aud., v. Ohio Turnpike Commission, 167 Ohio St., 273, 147 N. E. (2d), 857.
For a recent decision of this court citing and discussing a number of cases dealing with the exemption or nonexemption of real property from taxation, attention is directed to the case of City of Cleveland v. Carney, Aud., 172 Ohio St., 189, 174 N. E. (2d), 254.
In our opinion, none of the property involved herein is “public property used exclusively for a public purpose” within the meaning and intent of the statutory language quoted, and, therefore, none of such property is entitled to be exempted from taxation. Hence that part of the decision of the Board of Tax Appeals involved in cause No. 36978 is reversed and that part involved in cause No. 36980 is affirmed.

Decision reversed in part and affirmed in part.

Grieeith, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.
Zimmerman, J., sitting in the place and stead of Weygandt, C. J.
Grieeith, J., of the Seventh Appellate District, sitting by designation in the place and stead of Zimmerman, J.