Matthias, J.
The issue in this cause is whether a storekeeper, who is a tenant in a shopping center, is liable for an injury sustained by a prospective customer, where it is claimed such injury was caused in part by failure to erect a barrier to keep automobiles off the sidewalk in front of the store where the injury occurred.
Of course the general rule is that a storekeeper is responsible for maintaining his premises in safe condition for his customers. Campbell v. Hughes Provision Co., 153 Ohio St., 9.
At the same time, however, it is said that liability is an incident of occupation or control of the premises. Berkowitz v. Winston, 128 Ohio St., 611; Cooper v. Roose, 151 Ohio St., 316. In other words for liability to exist, there must be a breach of duty, which duty arises out of the occupation or control of the premises.
Shopping centers are a relatively recent development, but the problems arising therefrom call for the application of settled legal principles of long standing.
This case involving a shopping center is similar to cases involving apartment houses. The common parking area is analogous to a common hallway or stairway. Retention of control of such common passageway makes the owner responsible for its care. As was stated in paragraph one of the syllabus in the case of Davies, a Minor, v. Kelley, 112 Ohio St., 122:
*412 “If the owner of a house leases a portion of it, to which access is had by ways of halls, stairways or other approaches, to be used by such tenant in common with the owner or tenants of the other portions of the premises and retains the possession and control of such halls, stairways or other approaches, it is his duty to exercise ordinary care to keep the same in a reasonably safe condition.”
This proposition is stated in 32 American Jurisprudence, 654, Section 768, in the following manner:
“The duty of a landlord to keep the demised premises or part of them in repair is coextensive with the control retained by him, and it is well settled that a landlord is liable to third persons for injuries resulting from his negligence in managing such portions of the premises as are retained under his control, or are for the common use of his tenants.”
See, also, Rice v. Ziegler, 128 Ohio St., 239; Cooper v. Roose, supra, 319; and 52 Corpus Juris Secundum, 103, Landlord and Tenant, Section 428.
Thus the issue here is resolved into a determination of whether the defendant was in such occupation or control of that portion of the premises where the accident was caused as to be burdened with the duty of erecting a barrier which might have avoided the injury to plaintiff.
In order to answer this question we must examine the lease made between defendant and its lessor. Under the terms of the lease, the defendant was to have the “use of the delivery area and the parking area in common with other tenants of the property.” The lessor agreed to “maintain parking lot and delivery area in good and usable condition.” And further it was agreed that “the parking area is to be reserved for the use of the tenants’ customers and patrons only, and specifically not for the tenants or their employees.”
These provisions indicate that the defendant had only the right to have its customers use the parking lot in common with the customers of the other tenants, whereas the lessor was specifically charged with the duty of maintaining the parking lot.
The accident herein resulted from failure to erect a suitable barrier to keep automobiles off the sidewalk. As a practical matter such a barrier could not be erected on the sidewalk as *413 the sidewalk was too narrow, hut necessarily would have to be erected in the parking lot, which, under the terms of the lease, was in the control of the lessor.
Since the lessor was charged with the duty, under the lease, to maintain the parking lot, and since such lot was used in common by the customers of the tenants and thus was in the control of the lessor, it was the duty of the lessor and not the defendant to exercise ordinary care to keep the parking lot in reasonably safe condition.
Even though a storekeeper ordinarily has the duty to keep his premises in safe condition for his customers, such duty does not extend to the construction of a barrier on the parking lot to protect customers using the sidewalk in front of his store from ears parking in the shopping center parking lot, where the parking area is used in common by the customers of several tenants and is in the control of the lessor who is charged in the lease with its maintenance and repair.
Under the views expressed above it is unnecessary to consider the other contentions raised by plaintiff.
The trial court should have granted defendant’s motion for a directed verdict.
The judgment is reversed and final judgment is rendered for defendant.

Judgment reversed.

Taft, C. J., Zimmerman, 0 ’Neill, Griffith and Gibson, JJ., concur.