EVANS, APPELLANT, *v.* WHIRLPOOL CORP., APPELLEE.

(No. 1182—Decided June 8, 1966.)

Messrs. *Williams, Murray, Ketcham, Davis & Deeg,* for appellant.

Messrs. *Moore, Myers, Parsell & Firstenberger,* for appellee.

MIDDLETON, J. This is an appeal from a judgment of the Court of Common Pleas sustaining defendant's motion for a directed verdict in its favor at the conclusion of all the evidence. The plaintiff, appellant herein, was an employee of the sanitation department of the city of Marion and, on April 10, 1961, he was working at the Marion city dump and, in loading a truck with trash, suffered injury resulting in the loss of sight of his right eye. At this time the defendant had a contract with the city of Marion under which the defendant paid the city of Marion $1 per load for the privilege of dumping its trash at the city dump. For a period of four years prior to plaintiff's injury the defendant had dumped one to three truckloads of refuse per day, consisting of metal drums and other material, at the city dump. At the dump the city separated the metal scrap from other refuse and sold the metal scrap to junk dealers. The procedure followed by the city in separating the scrap was to

bulldoze the refuse delivered by the defendant and other users into a common heap, set fire to it and, after it burned out, sort out the salvage metal.

For some time the defendant had been using in its plant a caustic soda called Kholine. This product was contained in metal drums and, after the contents were emptied, holes were cut into the container and, with other trash, delivered to the city dump. The refuse delivered was separated by city employees, and the salvage separated for sale. It was while loading one of the city trucks with separated salvage that the plaintiff was injured by the caustic material splashing on his face and eyes.

For his assignment of error the plaintiff claims that the court erred in directing a verdict in favor of the defendant at the conclusion of all the evidence. The defendant paid the city of Marion for the use of the city dump, and, after delivering the refuse to the dump, the defendant ceased to have possession of or any control over the refuse.

It is stated in 39 Ohio Jurisprudence 2d 562, Section 50, as follows:

"*Occupation and Control of Premises.*—Occupation and control of premises by a party are attributes of their ownership. Ordinarily, one of those attributes is necessary as a basis for liability of such party for personal injuries resulting from the condition of such premises. One having neither occupation nor control of premises ordinarily is under no legal duty to an invitee of another with respect to the condition or use of those premises. In order to have the occupation or control of premises necessary to impose such legal duty with respect to the condition or use of those premises, one must ordinarily have the power and the right to admit such individuals to the premises or to exclude them from the premises."

In *Cooper* v. *Roose*, 151 Ohio St. 316, it is stated in the first paragraph of the syllabus:

"Occupation and control of premises by a party are attributes of their ownership. Ordinarily, one of those attributes is necessary as a basis for liability of such party for personal injuries resulting from the condition of such premises. (*Berkowitz* v. *Winston*, 128 Ohio St. 611, and *Ripple* v. *Mahoning National Bank*, 143 Ohio St., 614, approved and followed.)"

In *Berkowitz* v. *Winston,* 128 Ohio St. 611, the rule is stated:

"* * * There is no liability for tort without possession or control, * * *" (See *Ripple* v. *Mahoning National Bank,* 143 Ohio St. 614.)

A case very similar to the case at bar is the case of *Cabrnosh* v. *Penick & Ford, Ltd., Inc.,* 218 Iowa 972, 252 N. W. 88, decided by the Supreme Court of Iowa, involving the injury of a boy walking through refuse at a public dump operated by the city of Cedar Rapids, Iowa. He received severe burns on his feet and legs. The dump was in charge of the Health Department of the city and serviced by its employees. Substantially all of the factories in the city and many of the inhabitants availed themselves of the use of the dump for disposition of all manner of refuse.

At the close of the evidence the trial court sustained the motion of the defendant for a directed verdict. Judgment was entered on the verdict so directed, and the plaintiff appealed.

Mr. Justice Evans in speaking for the court states in his opinion, at page 976:

"* * * It is a general principle, as old as the common law, that, where dangerous instrumentalities are created or permitted to arise upon premises that may be frequented by invitees or perhaps licensees, liability therefor, if any, attaches to him who owns or controls the premises. The defendant had the undoubted right to accept the invitation of the city as a patron of the city dump. After the deposit, he had no control or right of management of the material dumped. There was therefore no duty upon the defendant to erect fences or guards against approach to the material. His deposit went into a common mixture, which came from hundreds of sources. Title to the material thus deposited passed at once from the patron to the city, and the defendant became a stranger thereto. Such is the uniform holding of the cases and nothing to the contrary is cited by the appellant. This principle is stated in 20 R. C. L. 73, as follows:

" 'As a general rule, however, liability for injuries caused by dangerous instrumentalities terminates with a cessation of control thereover; and the liability of a landowner, likewise, is terminated when he parts with possession of the premises in

question. Thereafter he is not accountable at the suit of one who may have sustained injuries while on the property. Responsibility rests upon the purchaser or other person who is substituted with respect to the control over the property.' ''

The uncontroverted facts as disclosed in the evidence are conclusive that the defendant ceased to have possession of or control over the refuse after it was delivered to the city dump. Any liability of the defendant for injury resulting to plaintiff caused by the dangerous material delivered by defendant to the city dump terminated at the time of such delivery.

It is the conclusion of the members of this court that the trial court did not err in directing a verdict in favor of the defendant at the conclusion of all the evidence.

*Judgment affirmed.*

YOUNGER, P. J., and GUERNSEY, J., concur.