OPINION
{¶ 1} Appellants, Kenneth and Patricia Burnette, appeal from the April 25, 2003 judgment entry of the Portage County Court of Common Pleas, granting appellee's, Teledyne Industries, Inc.'s, motion for summary judgment.[1]
 {¶ 2} On June 29, 2001, appellants filed a complaint for negligence against Monarch Rubber Company ("Monarch Rubber"), John Doe Corporations I-III, and John Does I-III. On August 8, 2001, appellants filed a motion to substitute parties pursuant to Civ.R. 15, in which they requested that Teledyne Argonaut Corporation ("Teledyne Argonaut") be substituted as John Doe Corporation I. The trial court granted appellants' motion on August 13, 2001.
 {¶ 3} On October 30, 2001, Monarch Rubber and Teledyne Argonaut filed motions for summary judgment pursuant to Civ.R. 56(C).
 {¶ 4} On November 28, 2001, appellants filed a first amended complaint, in which they added a new party defendant, appellee, in addition to Monarch Rubber and Teledyne Argonaut. Appellee, Monarch Rubber, and Teledyne Argonaut filed answers on January 11, 2002.
 {¶ 5} On January 17, 2002, appellants filed a notice of voluntary dismissal of Monarch Rubber and Teledyne Argonaut pursuant to Civ.R. 41(A)(1).
 {¶ 6} On December 18, 2002, appellee filed a motion for summary judgment pursuant to Civ.R. 56(C), concerning the timeliness of appellants' amended complaint. Appellants filed a brief in opposition to appellee's motion for summary judgment on January 14, 2003.
 {¶ 7} On March 28, 2003, appellees filed a second motion for summary judgment, alleging that it is a landlord out of possession and control of the premises and is therefore not liable for injuries. Appellants filed a response on April 18, 2003.
 {¶ 8} According to appellant Kenneth Burnette's affidavit, on July 1, 1999, he was struck in the head and left shoulder by a metal sign that fell off the exterior brick wall at his place of employment, which caused him severe permanent personal injuries.[2] Appellant Kenneth Burnette said that he was employed by Trelleborg Wheel System of America ("Trelleborg"), and worked at Plant No. 2 in Hartville, Ohio, which was leased from appellee. Appellant Kenneth Burnette explained that he was an employee of Monarch Rubber, Teledyne Monarch Rubber Company/Teledyne, and Trelleborg since 1968, and has worked at Plant No. 2 since at least 1973.
 {¶ 9} Appellant Kenneth Burnette further stated in his affidavit that the sign had been attached to the building since at least 1973 when he first noticed it. Appellant Kenneth Burnette indicated that he has never witnessed nor heard of any repairs or maintenance done to the sign at issue. According to appellant Kenneth Burnette, after the sign fell on July 1, 1999, he examined it and found it to be ninety percent rusted, with two of the four support bolts severely rusted and broken off the brick wall.
 {¶ 10} Lauren McAndrews ("McAndrews"), Corporate Counsel for Allegheny Technologies, the parent company of appellee, stated in her affidavit that on April 12, 1991, appellee entered into a fifteen year lease with Monarch Industrial Tire Corporation, now known as Trelleborg. The property subject to the lease is the plant where Trelleborg operates and where appellant Kenneth Burnette was allegedly injured. McAndrews explained that the lease transferred all rights of occupancy, operation, and control of the property and plant from appellee to Trelleborg. According to McAndrews, since leasing the property to Trelleborg, neither appellee, nor any company, business, or entity affiliated with it has occupied the property. McAndrews said that appellee does not have the right to admit or exclude persons from the premises. Rather, McAndrews stated that the tenant, Trelleborg, solely controls third party access to the property and security.
 {¶ 11} Pursuant to its April 25, 2003 judgment entry, the trial court determined that appellee's first motion for summary judgment concerning the timeliness of appellant's amended complaint is not well-taken. However, the trial court granted appellee's second motion for summary judgment dealing with possession and control of the property. It is from that judgment that appellants filed a timely notice of appeal and make the following assignment of error:[3]
 {¶ 12} "The [t]rial [c]ourt erred in granting [appellee's] [m]otion for [s]ummary judgement and dismissing the case."
 {¶ 13} In their sole assignment of error, appellants argue that the trial court erred in granting appellee's motion for summary judgment and present two issues for our review. In their first issue, appellants contend that a genuine issue of material fact exists that appellee contracted to repair and maintain exterior walls and attachments to it, including signs. In their second issue, appellants allege that a genuine issue of material fact exists that appellee had a duty to repair and maintain exterior walls and attachments to it, including signs, and breached that duty which resulted in severe injuries to appellant Kenneth Burnette.
 {¶ 14} In order for a summary judgment to be granted, the moving party must prove: "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispawv. Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 15} The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296, that: "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the recordwhich demonstrate the absence of a genuine issue of fact on amaterial element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 16} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. TheBrown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 17} This court stated in Davis v. Eastwood Mall, Inc.
(Dec. 14, 1990), 11th Dist. No. 90-T-4384, 1990 Ohio App. LEXIS 5541, at 3-4, that:
 {¶ 18} "[i]n Ohio, the commercial lessor's liability is governed by the traditional common law principle that one having neither possession nor control of premises is ordinarily not liable for damages resulting from the condition of the premises.Hendrix v. Eighth and Walnut Corp. (1982), 1 Ohio St.3d 205,207. The lessor is not liable to a third party [employee] in the absence of authority to exercise control over the premises to the exclusion of any control by the lessee if the lessor decides to exercise that right. Ripple v. Mahoning [Natl.] Bank
(1944), 143 Ohio St. 614, 620. The lessor who does not retain the power and right to admit or exclude others from the premises, and which involves a substantial exercise of that right and power, has generally not reserved the degree of possession or control necessary to impose tort liability for the condition of the premises. Cooper v. Roose (1949), 151 Ohio St. 316, 319; Brownv. Cleveland Baseball Co. (1952), 158 Ohio St. 1, paragraph three of the syllabus; Wills v. Frank Hoover Supply (1986),26 Ohio St.3d 186, 188." Possession or control is not established where the landlord agrees to make repairs. Davis at 5, citingCooper at 318.
 {¶ 19} In the case at bar, Section 5.1 of the lease between appellee and Trelleborg provides that: "[Trelleborg] has inspected the [p]roperty, knows the condition thereof, and agrees to accept the same `AS IS[.]' * * * [E]xcept for repairs and maintenance occasioned by the negligence or misconduct of [Trelleborg], [appellee], at its sole cost and expense, shall perform during the [t]erm all necessary repairs and maintenance with respect to the structure of the [i]mprovements, including without limitation the roof and roof membranes, walls, floors, foundations, supports, windows, overhead doors, drains, and downspouts."
 {¶ 20} In addition, Section 12 of the lease states that: "[Trelleborg] shall not place or install any exterior signs on the [p]roperty without [appellee's] approval which shall not be unreasonably withheld. Upon the expiration or earlier termination of the [t]erm, all signs promptly shall be removed from the [p]roperty by [Trelleborg], at its sole cost and expense, and [Trelleborg] shall repair all damage caused by the removal of the same."
 {¶ 21} Here, pursuant to Section 5.1 of the lease, the trial court determined that the sign affixed to an exterior wall is not part of the structure of the building. Also, the trial court stated that Section 12 of the lease does not impose a duty upon the landlord, appellee, to repair signs affixed to the buildings. We agree.
 {¶ 22} The lease agreement only imposes limited maintenance obligations upon appellee, none of which includes the sign at issue. In addition, the lease expressly states that Trelleborg has inspected the property and takes it "AS IS." As such, the lease does not expressly or impliedly impose any duty or liability on appellee with respect to the incident in the instant matter. "A landlord out of possession and control may be held responsible for damages caused by defective premises only if special circumstances are shown which establish a particular duty on the part of the owner." Davis, supra, at 5, citingHendrix, supra, at 208. Here, there are no special circumstances.
 {¶ 23} Again, according to McAndrews, appellee did not occupy the premises at the time of the incident. McAndrews indicated that appellee does not have the right to admit or exclude persons from the premises. Rather, McAndrews stated that Trelleborg solely controls third party access. Thus, because appellee surrendered possession of the property to Trelleborg, appellee is not liable to appellants. Based on Mootispaw, supra, it was proper for the trial court to conclude that summary judgment was appropriate. Appellants' first and second issues are without merit.
 {¶ 24} For the foregoing reasons, appellants' sole assignment of error is not welltaken. The judgment of the Portage County Court of Common Pleas is affirmed.
Rice, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment. concur.
[1] Appellee is now known as TDY Industries, Inc.
[2] Appellant Kenneth Burnette indicated in his affidavit that the sign is rectangular, measuring approximately three and one-half feet by four feet by one-eighth inch thick and weighing approximately forty to fifty pounds. It was painted white with red lettering, spelling out "shipping and receiving." Appellant Kenneth Burnette stated that the sign was attached to the exterior brick wall about twelve to fifteen feet from the ground with four one-fourth inch metal bolts.
[3] On June 4, 2003, appellee filed a cross-appeal two days late and did not allege that there was a failure by the trial court clerk to comply with Civ.R. 58(B). Accordingly, on September 2, 2003, this court dismissed appellee's cross-appeal pursuant to App.R. 4(B)(1). Thus, appellee's arguments regarding its cross-appeal in its brief here will not be afforded a merit analysis.