DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Kathleen Schmeida, appeals the decision of the Summit County Court of Common Pleas granting summary judgment to Appellee, Richard Gent. We affirm the decision of the trial court.
 {¶ 2} Appellee is the owner of a shopping strip in which a Dollar General Store is located. Appellant was formerly the manager of that Dollar General. Appellant asserts that on January 29, 2002, she was attacked and injured by a criminal assailant as she was exiting the store after closing. She filed a complaint against Appellee on December 10, 2003, for personal injury, asserting that her injuries were caused by Appellee's failure to provide adequate lighting and security.
 {¶ 3} Appellee filed a motion for summary judgment on June 30, 2005, to which Appellant responded. The trial court granted Appellee's motion for summary judgment on October 28, 2005, finding that: "[Appellee] did not owe a duty to [Appellant] to protect her from the criminal acts in the present case."
 {¶ 4} Appellant now appeals the decision of the trial court, asserting a single assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in granting summary judgment."
 {¶ 5} In her only assignment of error, Appellant maintains that the trial court erred in granting summary judgment in favor of Appellee. Specifically, she states that Appellee had a duty to provide adequate lighting in the common areas of the shopping strip, and the breach of that duty proximately caused her injuries. We disagree.
 {¶ 6} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 7} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 8} In this case, we find that Appellant has not met the Civ.R. 56(E) standard in showing that there are genuine factual issues remaining to be litigated. Appellant asserted a single cause of action in her complaint against Appellee: negligence. To establish a negligence claim, a party must show the existence of a duty, a breach of that duty, and an injury proximately resulting there from. Menifee v. Ohio Welding Products, Inc.
(1984), 15 Ohio St.3d 75, 77. A defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position.Huston v. Konieczny (1990), 52 Ohio St.3d 214, 217. Injury is foreseeable if a defendant knew or should have known that its act was likely to result in harm to someone. Id.
 {¶ 9} Appellant has argued her negligence claim under the "business invitee" standard. In general, an owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily or unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 203. Liability attaches when a business owner had superior knowledge of the particular danger which caused the injury; the liability attaches because the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate. LaCourse v. Fleitz (1986), 28 Ohio St.3d 209,210.
 {¶ 10} Notwithstanding the trial court's analysis under the business invitee standard, and Appellant's argument that she was a business invitee, we find that Appellant, at most, was a licensee of Appellee. Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner. Scheibel v.Lipton (1951), 156 Ohio St. 308, 328-329. Appellant was neither invited into the Dollar General by Appellee, nor did Appellee hire her to work at the Dollar General store. Appellant's position as a Dollar General employee was not for the benefit of Appellee. Consequently, Appellant was not a business invitee of Appellee.
 {¶ 11} A licensee is "a person who enters the premises of another by permission or acquiescence, for his [or her] own pleasure or benefit, and not by invitation." Provencher v. OhioDept. of Transp. (1990), 49 Ohio St.3d 265, 266. Appellant's entry into Dollar General, as it would relate to Appellee, was for her own benefit, namely to work therein and be paid for her work. A licensor is not liable for ordinary negligence and owes the licensee no duty except to refrain from wantonly or willfully causing injury. Hannan v. Ehrlich (1921), 102 Ohio St. 176, paragraph four of the syllabus.
 {¶ 12} We do not find, nor has Appellant even alleged, that her injuries were the result of wanton and/or willful misconduct on behalf of Appellee. Consequently, Appellee is not liable for Appellant's injuries.
 {¶ 13} In addition to the above, we note that the record is void of a foreseeable injury. Appellant has listed twelve criminal acts that occurred either inside one of the stores of the shopping strip or in the parking area to show that the instant injury was foreseeable, though none of the acts involve injury as a result of not providing adequate lighting in the common areas (as Appellant alleges is the case here).
 {¶ 14} Of the twelve acts in Appellant's list, four of them occurred after the event in question, and Appellant does not know when two others occurred. Those six events, obviously, cannot be used to substantiate Appellant's argument that Appellee should have known of the unsafe conditions which led to her injuries. Of the remaining six events on Appellant's list, one was the event in question, and four took place inside the individual stores, and not in the common areas of the shopping strip in which Appellee, arguably, may have had a duty to keep safe and well lit.
 {¶ 15} The only incident which occurred before Appellant's incident, that took place in a common area of the shopping strip was in 2001. In that case, a store window was broken. Appellant has not shown us how knowledge of a broken store window would make Appellant's injury foreseeable to the extent that Appellee could be held liable for it, or even that poor lighting contributed to the broken window in any way.
 {¶ 16} Not only was the event in question not foreseeable, but it occurred inside of the Dollar General Store, not in the common area. "In Ohio, the commercial lessor's liability is governed by traditional common law principles." Hendrix v.Eighth and Walnut Corp. (1982), 1 Ohio St.3d 205, 207. "Under the common law, one having neither possession nor control of premises is ordinarily not liable for damages resulting from the condition of the premises." Id. Moreover, a "lessor who does not retain the right to admit or exclude others from the premises has generally not reserved the degree of possession or control necessary to impose liability for the condition of the premises." Id., citing Pitts v. Housing Authority (1953), 160 Ohio St. 129
and Cooper v. Roose (1949), 151 Ohio St. 316.
 {¶ 17} In the case at hand, no evidence was introduced showing that Appellee, the lessor, retained any sort of right to admit or exclude others from the lessee's (Dollar General) premises. As a result, liability for events that occurred inside of the lessee's premises cannot attach.
 {¶ 18} Appellant has failed to show what sort of duty Appellee owed her, and how that duty, if any, was breached in the instant case. Consequently, we overrule Appellant's assignment of error and affirm the trial court's decision granting summary judgment to Appellee.
Judgment affirmed
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Concurs.