## Fields v. Kroger Co., Inc.
[Cite as 6 AOA 63]

Case No. 1926
Lawrence County, (4th)
Decided August 22, 1990

Christopher A. Conley, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Ashland, Kentucky, for Appellant.

Sara Klein, Klein, Smith & Klein, Ironton, Ohio, for Appellee.

STEPHENSON, J.

This is an appeal from a judgment entered by the Lawrence County Common Pleas Court granting a motion for summary judgment. Wherein a complaint filed by Hazel and Walter Fields was dismissed as against Schaefer Super Markets, Inc., defendant below and appellee herein, and a cross-claim filed by The Kroger Company, Inc., defendant below and appellant herein, against appellee was also dismissed. Appellant appeals and assigns the following errors:

"FIRST ASSIGNMENT OF ERROR"
"THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF SCHAEFER SUPER MARKETS, INC., AGAINST THE KROGER COMPANY.

"SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN NOT FINDING THAT A QUESTION OF FACT EXISTED AS TO WHETHER SCHAEFER SUPER MARKETS, INC. MAINTAINED THE REQUISITE CONTROL OVER THE PREMISES AT ISSUE TO BE HELD LIABLE HEREIN."

The pertinent facts to this appeal are as follows. Hazel Fields and Walter Fields filed an amended complaint on November 4, 1987, wherein they averred that on April 30, 1986 Hazel fell and was injured in the parking lot of Krogers located in Ironton, Ohio. They alleged that her injuries were caused by the negligence of appellant as lessee of the property, and appellee, as lessor of the property, for their failure to properly maintain the parking lot. Hazel Fields was injured as a result of a shopping cart she was pushing hitting a hole in the parking lot causing her to lose her balance and fall.

Appellant filed an amended answer on November 19, 1987 denying liability and a cross-claim against appellee asserting that appellee failed to maintain the parking lot as required pursuant to the lease agreement.[1] Appellant thus sought indemnification for any monies it might become obligated to pay to the Fields based upon

the April 30, 1986 fall. Appellee filed an amended answer on December 9, 1987 denying liability and filed an answer to appellant's cross-claim on January 20, 1988 seeking to have appellant's cross-claim dismissed. Attached to the answer was a cross-claim against appellant wherein appellee sought indemnification pursuant to the lease agreement. Appellant filed an answer to appellees cross-claim on January 26, 1989 wherein it denied liability.

On February 1, 1989, appellee filed a motion for summary judgment seeking to have the Fields' complaint and appellant's crossclaim dismissed against it. After memoranda were filed for and against summary judgment, on some date which does not appear in the record, the motion was argued before a referee. On March 22, 1989, the referee filed a one page report wherein it recommended that the motion be denied. Appellee filed objections to the referee's report on April 5, 1989 and a hearing was held upon appellee's objections on August 2, 1989. The court below granted appellee's motion for summary judgment on August 31, 1989, wherein it stated there was "no just reason for delay."

Because both of appellant's assignments of error involved issues concerning whether or not the court below erred in granting summary judgment, we will address them together. Appellant basically contends that the court erred in classifying its claim as a tort claim when it was actually a breach of contract claim. Appellant further argues that the court erred in its determination that there was no question of material fact as to whether appellee maintained the requisite control over the premises in question to be held liable.

Where a party moves for summary judgment, the court should only grant the motion if the following criteria set forth in Civ. R. 56(C) are met:

"(1) no genuine issue as to any material fact remains to be litigated,

"(2) the moving party is entitled to judgment as a matter of law, and

"(3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most favorably toward the party against whom the motion is made, that conclusion is adverse to that party." *Temple v. Wean United. Inc.* (1977), 50 Ohio St. 2d 317; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64.

We will now apply the foregoing standard to the case at bar. In its cross-claim, appellant averred the following:

1. Plaintiffs Hazel Fields and Walter Fields have brought a complaint in this action alleging they have suffered injuries due to a hole in the surface of the concrete parking lot of the Kroger Company store located at 2125 South Third Street, Ironton, Ohio.

2. Defendant Schaefer Super Markets, Inc., is the lessor of the property upon which the Kroger store is located. The relevant portions of said lease agreement are attached as Exhibit A of the original answer and crossclaim of defendant The Kroger Company, Inc., and are hereby incorporated by reference.

3. Pursuant to the terms of the said lease agreement, defendant Schaeffer [sic] Super Markets, Inc., was obligated to keep in repair sidewalks, driveways and the parking lot.

4. As a result of this obligation, defendant Schaeffer [sic] Super Markets, Inc., is liable to the Kroger Company for any moneys which it may be required to pay to plaintiffs in this action."

This clearly is a claim based on breach of contract--i.e., appellant asserts that because appellee breached its obligation to repair the parking lot, Hazel Fields was injured. As damages, appellant sought reimbursement of all monies it may become obligated to pay Hazel and Walter Fields. Appellee argues that appellant's claim was not one based on breach of contract. Appellee contends, citing 2 Anderson's Ohio Civil Procedure (1989), Chapter 41, that there are four requirements which must be included in a claim for breach of contract, to-wit:

(1) a copy of the contract must be attached,

(2) the claimant should generally allege performance of all conditions precedent,

(3) the claimant must allege breach of the contract and set forth a statement of the breach, and

(4) special damages must be set forth specifically.

Without stating which of the four claimed requirements appellant failed to satisfy, appellee maintains that appellee failed to satisfy the requirements. Appellee concludes that if this court holds that appellant's cross-claim included a claim for breach of contract, substantial rights of appellee would be affected. Assuming, *arguendo,* that these alleged requirements are necessary, we find no merit to appellee's assertion that appellant did not satisfy them.

With respect to the first of appellee's requirements, we note that appellee did attach relevant portions of the lease to its original cross-

claim and incorporated the same by reference in its amended cross-claim. Appellant stated that the lease agreement was too voluminous to attach in its entirety. This satisfied the mandates of Civ. R. 10(D). Appellee certainly was not prejudiced by appellant's failure to attach the entirety of the lease its pleading. If appellee did not have a copy of the lease, which appears unlikely, it could have requested that appellant provide a copy.

We next look at the second requirement, i.e., that all conditions precedent be alleged. The only relevant condition precedent was that appellant give appellee notice that repairs were necessary. In the case at bar, appellant did fail to assert that it had given notice; however, it did address that issue in its response to appellee's motion for summary judgment. Further, Civ. R. 8(E) states that "[n]o technical forms of pleading ... are required," and Civ. R. 1(B) states that "[t]hese rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." In other words, what is necessary is that the pleadings "contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. " *Fancher v. Fancher* (1982), 8 Ohio App. 3d 79 (citing 5 Wright & Miller, Federal Practice and Procedure, Civil (1969) Section 1216). In the case at bar, from appellant's pleadings, it is clear what appellant intended to prove at trial; hence, we find that the second requirement is satisfied.

We also find that the third requirement is satisfied. From the Fields' complaint and appellant's answer and cross-claim, appellee was appraised that appellant was alleging a breach and what that breach was. Furthermore, if appellee was unclear as to what appellant was alleging, it could have moved for a more definite statement pursuant to Civ. R. 12(E). We finally note that appellant specifically asserted what damages it was seeking, i.e., indemnification of all monies for which appellant may become liable. Hence, the fourth requirement was satisfied. Because appellant's cross-claim sufficiently set forth a claim based in contract, no right of appellee is substantially effected by this court holding that appellant's claim was so based.

Assuming that under its claim for breach of contract, appellant could meet its burden of proof and prove that appellee did in fact breach the lease with respect to the covenant to repair, appellant still would have to prove damages. "In an action for breach of landlord's contract to make repairs a lessee-tenant cannot recover damages for personal injuries." *Cooper v. Roose* (1949), 151 Ohio St. 316; paragraph four of the syllabus; *Gaeger v. Parkgate Realty Co.* (1962), 88 Ohio Law Abs. 385. The reasoning for this is twofold. First, it would provide an indirect way to by- pass the general rule, discussed *infra*, that a landlord out of possession and control of a building is not liable in tort for injuries which occur within the structure.

Second, and more important, damages for personal injuries are not a natural and probable consequence of breaching a covenant to repair, *see Cooper, supra*, and it is long settled that in a breach of contract action, a party is limited to those damages which may reasonably be supposed to have been the contemplation of both parties at the time they made the contract--i.e., limited to those damages which are a probable result of the breach. *Hadley v. Baxendale* (1854), 9 Ex. 341; *Western Union Tel. Co. v. Sullivan* (1910), 82 Ohio St. 14; *R & H Trucking. Inc. v. Occidental Fire & Cas. Co.* (1981), 2 Ohio App. 3d 269. Thus, if appellant was suing for its own personal injuries, clearly there could be no recovery.

However, in the case at bar, appellant is suing for indemnity based upon its potential liability for Hazel Fields injuries. The issue we must decide is whether the rule set forth in *Cooper, supra*, also applies to the case at bar. We have found no cases which directly address this point. It is manifest, however, that if damages for personal injuries are unforeseeable, and hence unrecoverable, in a breach of contract action brought by the lessee for his own injuries, damages for injuries to a third person are also unforeseeable and not recoverable in a breach of contract action for indemnity. Because the only damages sought were for indemnity, the court properly granted summary judgment against appellant since as a matter of law appellant could not recover those damages.

Appellant also asserts that the court erred in failing to find a question of material fact with respect to whether appellee had sufficient control or possession of the premises to be held liable. This issue would only be relevant if appellant had asserted a cause of action based on negligence. A lessor of premises cannot be held liable in tort for damages arising from an injury caused by a defect in the premises, even if the lessor had contracted to make repairs, unless the lessor is in possession or control of the premises. *Berkowitz*

*v. Winston* (1934), 128 Ohio St. 611; *Cooper, supra; Hendrix v. Eighth and Walnut Corp.* (1982), 1 Ohio St. 3d 205. Since appellant's cause of action was based on breach of contract rather than tort, the issue of control and possession of the premises is irrelevant. However, even assuming, *arguendo,* that appellant had asserted a cause of action based in tort, the court below would have den justified in entering summary judgment in favor of appellee.

Generally, "[t]he control necessary as the basis for liability in tort implies the power to admit people to the [premises] and exclude people from it." *Cooper, supra* at 319. However, this is not the only indicium of control. *See Fryberger v. Lake Cable Recreation Assn., Inc.* (1988), 40 Ohio St 3d 349 wherein the Supreme Court held that a question of material fact existed where the defendant monitored the safety of the lake in which a plaintiff was injured, controlled the water level of the lake, and undertook weed control on the lake--i.e. had an interest in and to the lake and the management thereof. However, the mere existence of a covenant to repair is not sufficient. *Berkowitz, supra; Cooper, supra.*

Appellant claims that in the case at bar not only did appellee contract to make repairs, but appellee also maintained the right to have access to make repairs and to inspect the premises. However, the right to enter to inspect is not an indicium of control, *see Kauffman v. First-Central Trust Co.* (1949), 151 Ohio St. 298, nor is the right to enter to make repairs, *see Berkowitz, supra; Brown v. Cleveland Baseball Co.* (1952), 158 Ohio St. 1. Accordingly, since there was no evidence that appellee maintained any control or possession of the premises, there was no question of material fact, and appellee could not be found liable in tort for Hazel Fields' injuries. For the aforementioned reasons, appellant's first and second assignments of error are overruled and the judgment of the lower court is affirmed.

*Judgment affirmed.*

ABELE, P.J., concurs in judgment and opinion.

HARSHA, J., concurs in judgment with opinion.

---

[1] The Fields filed another amended complaint on November 30, 1987 which appears to be identical to the amended complaint filed on November 4, 1987. However, the November 4, 1987 amended complaint was held for naught in a judgment entry filed on November 23, 1987. In another judgment entry, filed on December 23, 1987, the court held that appellant's answer and cross-claim filed on November 19, 1987 was a response to the Fields November 30, 1987 amended complaint.

HARSHA, J., Concurring.

I concur in the judgment overruling appellant's assignments of error and affirming the entry of summary judgment in favor of appellee, but write separately to add the following.

In Ohio, the commercial lessor's liability is governed by traditional common law principles. *Hendrix v. Eighth and Walnut Corp.* (1982), 1 Ohio St. 3d 205, 207. Under Ohio common law, in an action for breach of a landlord's contract to make repairs, a lessee-tenant cannot recover damages for personal injuries. *Cooper v. Roose* (1949), 151 Ohio St. 316, paragraph four of the syllabus. Moreover, the landlord is not liable in tort for personal injuries allegedly caused by the landlord's breach of a contract to make repairs where the landlord has not retained control of the premises. See *Hendrix, supra* at 207; *Cooper, supra* at paragraph three of the syllabus.

Pursuant to the holding of the Ohio Supreme Court in *Cooper,* appellant's argument on appeal must necessarily fail. It is axiomatic that the syllabus of an opinion issued by the Ohio Supreme Court states the law of the case. *Smith v. Klem* (1983), 6 Ohio St. 3d 16, 18; *DeLozier v. Sommer* (1974), 38 Ohio St. 2d 268, 271. As such, all lower courts in this state, including our own, are bound to adhere to the principles set forth therein. *Smith, supra* at 18; *Merrick v. Ditzler* (1915), 91 Ohio St. 256, 264. Finally, this court is not authorized to disregard the language of the syllabi in Ohio Supreme Court cases on the basis that the language appears to be *obiter dictum. Smith, supra* at 18. However, although we are thereby constrained in our review of the issues, I am persuaded that the "two fold" rationale set forth in the majority opinion for the *Cooper* holding is antiquated and arguably erroneous. Indeed, contrary to the applicable Ohio law on this subject, the modern trend is toward holding that a lessor's breach of his agreement to repair, constitutes a ground for holding him liable for personal injury to his tenant, or one in privity with the latter, if the failure to repair was a contributing cause of the injury. Annotation, Breach of Lessor's Agreement as Ground of Liability for Personal Injury to Tenant or One in Privity with Latter (1961), 78 ALR 2d 1238, 1252, Section 4(a); see *Putnam v. Stout* (N.Y. 1976), 345 N.E. 2d 319, where the Court of Ap-

peals of New York held that a lessor of a supermarket was liable for a supermarket customer's personal injuries. In *Putnam,* the customer fell in a driveway adjoining the supermarket when her shoe became caught in a hole, while she was a business invitee. The lessor had covenanted to keep the driveway in repair but failed to do so. See also *Berness v. Regency Square Associates, Ltd.* (Ala. 1987), 514 So. 2d 1346 and *All v. Smith's Management Corp.* (Idaho 1985), 708 P.2d 884; *Mobil Oil Corp. v. Thorn* (1977), 401 Mich. 306.

Furthermore, the American Law Institute has chosen not to follow Ohio's outdated view on this topic in adopting Section 357 of Restatement of the Law, Torts 2d (1965), which provides as follows:

"A lessor of land is subject to liability for physical harm caused to his lessee and others upon the land with the consent of the lessee or his sublessee by a condition of disrepair existing before or arising after the lessee has taken possession if

"(a) the lessor, as such, has contracted by a covenant in the lease or otherwise to keep the land in repair, and

"(b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented, and

"(c) the lessor fails to exercise reasonable care to perform his contract."

The majority opinion points out the reasoning behind the *Cooper* holding, which precludes recovery, is that damages for personal injuries "are not a natural and probable consequence of breaching a covenant to repair," that these damages would not have been in "the contemplation of both parties at the time they mad the contract," and, therefore, if appellant was suing for its own personal injuries, "clearly there could be no recovery." However, this so-called logic strains the limits of common sense. Conversely, the modern position, i.e. that adopted in the Restatement provision, is supported by several factors, including:

"1. The lessor's contractual undertaking, for consideration, to repair the premises or to keep them in repair.

"2. The special relation between the parties, and the peculiar likelihood that the lessee will rely upon the lessor to make the repairs, and so will be induced to forego efforts which he would otherwise make to remedy conditions dangerous to himself and to others who enter the land with

his consent.

"3. The fact that the lessor retains a reversionary interest in the lands, and so by his contract may properly be regarded as retaining or resuming the duty and responsibility of keeping his own premises in a safe condition, to the extent of his undertaking." Comment b to Restatement of the Law, Torts 2d (1965), Section 357.

In the instant case, the parties to this appeal entered into a lease agreement effective on the date of plaintiff Hazel Fields' accident, whereby appellee covenanted to repair the premises, including the parking lot. An affidavit of Charles Sturgill, a co-manager of appellant's Ironton, Ohio store, that was attached to appellant's memorandum in opposition to appellee's motion for summary judgment noted that appellee had been requested repeatedly to repair potholes in the parking lot prior to the date of the accident, but failed to do so. Pursuant to the weight of modern authority on this issue, as well as the position adopted by the Restatement, I am persuaded that whether or not appellant's claim for relief is designated as one sounding in contract or in tort, it would have been preferable to have denied appellee's summary judgment motion. However, in that we must adhere to the syllabi of *Cooper, supra,* I reluctantly concur in the judgment of affirmance.[1]

---

[1] I would urge a re-examination of the *Cooper* holding by the Supreme Court of Ohio in light of the modern trend and the Restatement provision. The two justifications given by the majority opinion to follow *Cooper* are:

(1) if not followed, it would allow a lessee-tenant to bypass the tort law concerning possession and control with a breach of contract action; and

(2) personal injuries caused by a breach of a covenant to repair are not reasonably within the contemplation of the parties at the time of the contract. With respect to the first justification, I am persuaded that a lessor should have liability in tort in these situations; I am also persuaded that a lessee-tenant should not be *per se* precluded from recovery for personal injuries resulting from a lessor's breach of a covenant to repair. As to the second justification, it seems inherently logical to presume that a lessor's breach of a covenant to repair property defects, particularly after notice from a lessee-tenant, might reasonably cause personal injuries to customers of the lessee-tenant, and that these would be within the parties' contemplation at the time of contract. To hold otherwise, as the majority does, ignores basic precepts of both contract and tort law.

Accordingly, where the justifications for a judicial rule are no longer apparent, the rule itself is no longer entitled to continued viability. See, e.g. *Kirchner v. Crystal* (1984), 15 Ohio St. 3d 326.

I also acknowledge that the position set forth in the Restatement results in a blending of tort and contract law in that the duty of repair is founded upon a contract. However, such a blending of legal doctrines is neither unique nor unworkable. One need look no further than products liability, an area in which Ohio jurisprudence is at the forefront, to find an example of efforts by modern courts to adjust remedies to the reality of modern life. In short, I do not believe that the law in Ohio should be that a commercial lessor who promises to repair the leased premises, but fails to do so after notice, is liable for damage to the lessee's truck that breaks an axle in a pothole, while he maintains immunity from a suit by a business invitee who breaks a leg in the same dangerous obstruction.