JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs Jason R. Briggs and Pamela Briggs appeal from the order of the trial court that awarded summary judgment to defendants First Realty Management Co. ("First Realty") and Patricia Investments in plaintiffs' action for personal injuries. For the reasons set forth below, we affirm.
 {¶ 2} On July 11, 2002, plaintiff Jason R. Briggs, an employee of Pioneer Standard Electronics ("Pioneer"), was injured when a water tower fire suppression tank ruptured as Briggs refilled the tank following his weekly inspection of the fire suppression system.
 {¶ 3} Jason and Pamela Briggs filed an action for negligence against Patricia Investments and the Naiman Co.,[1] (owners of the premises), First Realty (manager or operator of the premises), and a John Doe corporation and John Doe employee, as operators or managers of the premises. The defendants denied liability and also asserted various cross-claims and third party claims against one another.[2]
 {¶ 4} Patricia Investments moved for summary judgment and asserted that it had leased the subject premises to Pioneer and that Pioneer had possession and control of the premises at the time of the water tank rupture. In addition, Patricia Investments averred that pursuant to the lease with Pioneer, its duty to maintain, repair or replace the tank was contingent upon notice from Pioneer and no such notice was provided as to the water tank suppression system. In relevant part, the lease provided:
"16.02 Maintenance and Repair by Tenant. Tenant shall, at its sole cost and expense be responsible for the repair, maintenance and up-keep of the interior and exterior of the Premises (structure and non-structural). Tenant shall keep the premises in good, safe, tenantable condition, sightly in appearance, and in good order and repair. Tenant hereby agrees to hold Landlord harmless against all claims, damages, or causes of action for damages, and related expenses, including attorney's fees, arising out of, or brought on account of, injury to any person or persons or loss of life resulting from any failure on the part of Tenant to make the repairs for which Tenant is responsible.
"16.03 Maintenance and Repair by Landlord. Landlord shall at its sole cost and expenses, and upon written notice from Tenant maintain, repair and replace if necessary, the water tower and the water pumphouse servicing the Project."
 {¶ 5} Patricia Investments also submitted the deposition of plaintiff Jason Briggs. Briggs stated that he was in charge of Pioneer's maintenance and safety at Pioneer and was performing a weekly pump house inspection and had begun refilling the tank at the time of the incident. He also stated that his inspections consisted of looking for major leaks and noting water lines and rust. He never inspected the interior of the tank, however and he acknowledged that Pioneer never documented any problems with the tank.
 {¶ 6} In opposition to this motion, plaintiffs maintained that Patricia Investments owed Briggs, a business invitee, a general duty of care and that Patricia Investments retained control over the premises since it retained the right to repair or restore the premises if damaged.
 {¶ 7} First Realty also moved for summary judgment and asserted that it acted as the agent of Patricia Investments, had no independent obligations with regard to the premises, and is therefore entitled to summary judgment for the same reasons asserted by that entity. In addition, Patricia Investments agreed to indemnify First Realty and hold it harmless for all claims arising in, on, or about the premises. In support of its motion, First Realty submitted its Management Agreement with Patricia Investments which provided in relevant part as follows:
"11 Relationship of Agent to Owner
"* * * In taking any action under this Agreement, Agent shall be acting only as Agent for Owner, and nothing in this Agreement shall be construed as creating a partnership, joint venture, or any other relationship between the parties to this Agreement except that of Principal and Agent, or as requiring Agent to bear any portion of the losses arising out of or connected with the ownership or operation of the Premises. * * *
"14 Limitation of Agent's Liability
Agent assumes no liability whatsoever for any acts or omissions of Owner, or any previous management agent or other agent of either. * * *."
 {¶ 8} In opposition, plaintiffs argued that First Realty was required to "operate and maintain the premises in a manner consistent with the overall plan of the owner, at the direction of the owner, and in a manner consistent with prevailing standards for similar properties." Plaintiffs also asserted that the indemnity provision excludes "negligent or willful misconduct of the Agent [First Realty] its employees and contractors." Plaintiffs demonstrated that First Realty's real estate manager had been at the subject premises five or six times prior to the rupture of the water tower. He observed the tower to determine if there was "anything of an obvious nature that might be wrong." He believed that Pioneer had full responsibility of maintenance and repair, however.
 {¶ 9} The trial court subsequently granted the motions for summary judgment and all remaining claims were dismissed. Plaintiffs now appeal and assign a single error for our review.
 {¶ 10} Plaintiffs' assignment of error states:
 {¶ 11} "The trial court committed reversible error by granting summary judgment to defendants, Patricia Investments and First Realty Management."
 {¶ 12} We review the grant of summary judgment de novo using the same standards as the trial court. Nationwide Mut. Fire Ins.Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108,652 N.E.2d 684.
 {¶ 13} A trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164, 1171.
 {¶ 14} The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment. Id., citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Vahila v. Hall, supra.
 {¶ 15} In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Civ.R. 56(E); Harless v. Willis Day Warehousing Co.,
supra. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact for trial. Vahila v. Hall,
supra. If the party does not so respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial, summary judgment, if appropriate, shall be entered against the non-moving party.Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
 A. Patricia Investments {¶ 16} Plaintiffs assert that the trial court erred in granting Patricia Investments' motion for summary judgment because it had an ongoing responsibility to maintain the premises which cannot be negated by the lease with Briggs' employer, Pioneer.
 {¶ 17} As to the obligations owed a business invitee, we note that an owner or occupier of a premises owes its "business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,480 N.E.2d 474. An owner or occupier of a premises is not, however, the insurer of a business invitee's safety, id., and the plaintiff must prove that the business owner or occupier had either actual or constructive notice of the defect which caused the injury.Peerboom v. Hartman (Nov. 18, 1998), Williams App. No. WMS-88-2.
 {¶ 18} In this matter, the undisputed evidence of record fails to establish that Patricia Investments had notice of a defect associated with the fire suppression system. In addition, a commercial lessor who has neither possession nor control of premises is not liable for damages resulting from the condition of the premises. Hendrix v. Eighth and Walnut Corp. (1982),1 Ohio St.3d 205, 438 N.E.2d 1149; Collova v. Matousek (1993),85 Ohio App.3d 440, 620 N.E.2d 104. A lessor who does not retain the right to admit or exclude others from the premises has generally not reserved the degree of possession or control necessary to impose liability for the condition of the premises. Hendrix v.Eighth and Walnut Corp.
 {¶ 19} This rule has also been applied to insulate a commercial landlord from liability from damages resulting from the condition of the premises even in cases where the landlord agreed to make repairs, as courts have determined that the reservation of such a limited right does not justify a finding that the lessor retained control of the premises. Hendrix v.Eighth and Walnut Corp., citing Cooper v. Roose (1949),151 Ohio St. 316, 85 N.E.2d 545; Berkowitz v. Winston (1934),128 Ohio St. 611, 193 N.E. 343.
 {¶ 20} In this matter the commercial lease between Pioneer and Patricia Investments vested Pioneer with possession and control of the premises and did not provide for Patricia Investments to retain the right or power to admit or exclude others from the premises. Patricia Investments did retain the right to inspect and to enter the premises for limited purposes, but this is insufficient to constitute control for purposes of establishing liability. Similarly, as to the duty to repair the water tower, this aspect of the lease is insufficient to establish liability for the commercial lessor out of possession.
 {¶ 21} We therefore conclude that the trial court properly awarded summary judgment to defendant Patricia Investments.
 {¶ 22} This portion of the assignment of error is without merit.
 B. First Realty {¶ 23} In Walsh v. Elevator Enterprises (Nov. 30, 1982), Franklin App. No. 82AP-556, the court held that a leasing agent of a building who is out of possession and has no control over third parties' access to the building and who has not been shown to have had any knowledge or reason to know of a defect is not, as a matter of law, liable to a third person who is injured by an alleged defect.
 {¶ 24} In addition, so long as there is no great disparity of bargaining power between the parties, a limit of liability clause is valid in a commercial agreement under the theory of freedom of contract. Cf. University Carnegie Medical Partners Assoc. v.Cleveland Therapy Center (Oct. 15, 1992), Cuyahoga App. Nos. 61016, 61463; Fireman's Fund Ins. Co. v. BPS Co. (1985),23 Ohio App.3d 56, 491 N.E.2d 365; United Industries v. Polson
(April 2, 1992), Cuyahoga App. No. 60123.
 {¶ 25} In this matter, the undisputed evidence of record demonstrated that First Realty is out of possession and has no control over third parties' access to the building and there was no evidence that First Realty knew or had reason to know of any defect. In addition, First Realty's agreement with Patricia Investments limits First Realty's liability in its agreement with Patricia Investments. Accordingly, we conclude that the trial court properly awarded summary judgment to First Realty in this action. The assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Blackmon, J., concur.
[1] This defendant was later dismissed from the action.
[2] Specifically, the record reflects that Patricia Investments asserted a third party claim against Pioneer and its successor company Pioneer Standard Electronics Ltd. ("Pioneer Ltd.") for negligence, breach of a lease agreement, and contribution/indemnity. Patricia Investments also filed a cross-claim against First Realty for breach of a management agreement and negligence. Pioneer asserted a third party counterclaim against Patricia Investments for indemnity/contribution. The record further reflects that First Realty filed a cross-claims against Patricia Investments for indemnity/contribution.
In addition, plaintiffs attempted to consolidate the matter with a similar action filed by Douglas Custer. The action filed by Custer had been dismissed at the time of the filing of the motion to consolidate, however. See Custer v. First RealtyManagement, Cuyahoga Common Pleas No. 529439.